IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JENNIFER YSUIZA MORENO,<br><br>Plaintiff,<br><br>v.<br><br>UNION COUNTY AND TIFFANY PORTER,<br><br>Defendants. | **CIVIL ACTION NO.**<br>**3:25-CV-00991-KDB-DCK** |
| JENNIFER YSUIZA MORENO,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY LANTZ, TIARA OWENS, KEVIN ALEXANDER, ROCIO AVILA RAMIREZ, UNION COUNTY, AND MARY LIANTONIO,<br><br>Defendants. | **CIVIL ACTION NO.**<br>**3:25-CV-01028-KDB-DCK** |

## MEMORANDUM AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motions to Proceed In Forma Pauperis ("IFP") in these two actions (Doc. No. 2 in both).[1] The Court has carefully considered these motions and Plaintiff's sworn Applications, which detail her financial circumstances. Based on that examination, the Court finds that Plaintiff's reasonable expected expenses exceed her expected income, and she does not otherwise have sufficient assets with which to pay the filing fees.

---

[1] Although filed separately, these actions arise from the same general circumstances, so it is appropriate and most efficient to consider them together.

1

Accordingly, the Court will **GRANT** the Motion for the limited purpose of conducting an initial review but **DISMISS** Plaintiff's Complaints without prejudice after conducting that review.

## I. Plaintiff's Motion to Proceed IFP

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that he is unable to pay the costs of a lawsuit." *Id*. In her IFP motion, Plaintiff states that she has "chronic health issues" that prevent her from working a "typical 9-5 job." Docs. No. 2 at 5. Plaintiff further explains that her husband has lost his source of income, on which Plaintiff primarily lives and that she does not otherwise have assets that would allow her to pay for these proceedings. *See* Docs. No. 2. Based on these representations, the Court will conditionally grant the motion and permit Plaintiff to proceed IFP solely for the limited purposes of this initial review.

## II. Initial Review

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327–28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district

court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

In these actions, pro se Plaintiff Jennifer Ysuiza Moreno alleges that following the discovery of an inappropriate photo or video (which led to her husband's arrest), employees of the Union County Department of Social Services ("DSS") initiated and mishandled an investigation into whether her eleven-year-old daughter ("minor child") had been sexually abused by her husband. *See* 3:25-cv-991 ("991") and 3:25-cv-1028 ("1028"), Docs. No. 1. According to Moreno, the alleged improper conduct included: a DSS attorney attending the husband's bond hearing and sitting in the restricted counsel section (991, Doc. No. 1 ¶¶ 17–20); the subsequent use of information learned during that hearing at a later DSS proceeding involving her children (991, Doc. No. 1 ¶¶ 29–33); DSS social workers investigating the alleged abuse without contacting her, mischaracterizing her statements when seeking to place the minor child in DSS custody, and ultimately removing the child from her care (1028, Doc. No. 1 ¶¶ 15–22, 33–45); and authorizing an intrusive sexual assault examination of the minor child without her consent (1028, Doc. No. 1 ¶¶ 23–32). Moreno contends that these actions violated her parental rights and her First, Fourth, and Fourteenth Amendment rights. She also brings a *Monell* claim against Union County, and supervisory liability claims against Defendants Liantonio and Alexander.

Section 1983 provides a cause of action to "a party who has been deprived of a federal right under the color of state law." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a § 1983 claim, a plaintiff must allege both a "violation of a right secured by the Constitution and laws of the United States" and that the "deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

3

§ 1983 Claims Against Defendant Porter

Moreno first alleges that Defendant Porter retaliated against her in violation of the First Amendment by using information she learned at her husband's bond hearing—including what Moreno characterizes as "private" marital communications read aloud in open court—during a later DSS hearing. A plaintiff asserting a First Amendment retaliation claim must plausibly allege: (1) engagement in a protected First Amendment activity; (2) adverse action by the defendant that would deter a person of ordinary firmness from exercising their First Amendment rights; and (3) a causal connection between her protected activity and the defendants' adverse action. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005) (citing *Suarez Corp. Indus. v. McGraw,* 202 F.3d 676, 686 (4th Cir.2000)).

Moreno's theory is that DSS retaliated against her because she continued communicating with her husband while he was suspected of child sexual abuse. But while the Constitution may protect the *contents* of certain marital communications, the mere fact that the spouses communicated is not itself a protected activity. And marital communications lawfully disclosed to third parties—such as those read aloud during a public bond hearing—are not confidential and therefore not privileged. *DR Distributors, LLC v. 21 Century Smoking, Inc*, 616 F. Supp. 3d 769, 786 (N.D. Ill. 2022) (citation omitted). Accordingly, Moreno has not alleged a viable First Amendment claim for retaliation.

Moreno next alleges that Defendant Porter's use of the same information violated her substantive due process rights. To state such a claim, a plaintiff must show: (1) the existence of a protected property interest; (2) a deprivation of that interest by the State; and (3) governmental conduct that "falls so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency." *Baldwin v. Fletcher*, No. 5:23-CV-00197-KDB-DCK, 2024 WL

4942397, at *7 (W.D.N.C. Dec. 2, 2024), *aff'd,* No. 24-2210, 2025 WL 2437837 (4th Cir. Aug. 25, 2025), *cert. denied,* No. 25-6029, 2025 WL 3507092 (U.S. Dec. 8, 2025) (quoting *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 281 (4th Cir. 2008)). In other words, Moreno must demonstrate conduct that is "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id.* (quoting *Dean ex rel. Harkness v. McKinney*, 976 F.3d 407, 413 (4th Cir. 2020)). Conduct shocks the conscience only when it lacks "any reasonable justification in the service of a legitimate governmental objective." *Id.* (quoting *Washington v. Hous. Auth. of the City of Columbia*, 58 F.4th 170, 177 (4th Cir. 2023)).

Moreno offers only conclusory assertions that this demanding standard is met. However, her allegations really amount to a disagreement with DSS's consideration of information disclosed in open court and her continued communication with her husband. These allegations do not set forth any specific facts that plausibly shock the conscience. Moreno's due process claim against Defendant Porter therefore fails initial review.

First Amendment Retaliation Claim against DSS Defendants

As with Defendant Porter, Moreno alleges that Defendants Lantz, Owens, Ramirez, Liantonio, and Alexander (the "DSS Defendants") retaliated against her by impeding a reunification plan after she continued communicating with her husband, particularly following his motion for a bond reduction. But, as already explained, the mere act of communicating with one's spouse does not constitute protected activity. Therefore, Moreno has not alleged a viable retaliation claim against the DSS Defendants.

Fourth and Fourteenth Amendment and Parental Rights Claims Against DSS Defendants

Moreno next alleges that the DSS Defendants unlawfully seized her children by removing them from her care without exigent circumstances or probable cause during an investigation into

5

potential child sex abuse involving one of the minor children. She further alleges that the DSS Defendants violated her due process rights by interviewing and removing the children without her consent or an opportunity to be heard, and that her parental rights were violated when DSS authorized a sexual assault examination of the minor child without her consent.

Although the integrity of the family unit is a "fundamental precept firmly ensconced in the Constitution and shielded by Due Process," it is "neither absolute nor unqualified." *Martin v. Saint Mary's Dep't Soc. Servs.*, 346 F.3d 502, 506 (4th Cir. 2003) (quoting *Hodge v. Jones*, 31 F.3d 157, 163 (4th Cir. 1994)). Indeed, the State retains a "legitimate interest in protecting children from abuse and neglect" and in investigating circumstances suggesting such harm. *Id.* (citing *Renn v. Garrison*, 100 F.3d 344, 349–50 (4th Cir. 1996)).

Here, Moreno's allegations do not plausibly show that the DSS Defendants acted improperly. Moreno acknowledges that DSS petitioned the state court for authorization to remove the children before doing so. *See* 1028, Doc. No. 1 ¶¶ 19–21. Even accepting her assertion that the petition contained omissions or misstatements, those allegations do not negate the underlying facts prompting DSS's intervention; that is, the State's interest in protecting a child while allegations of sexual abuse by a parental figure are investigated.[2] Moreno therefore fails to allege a viable parental rights, Fourth, or Fourteenth Amendment claim against DSS Defendants. Because Moreno's § 1983 claims fail, her supervisor liability and *Monell* claims necessarily fail as well.

---

[2] Such an investigation could reasonably include a sexual assault exam on the alleged minor victim in its custody.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's IFP Motions (Docs. No. 2) are **GRANTED**;

2. Plaintiff's Complaints (Docs. No. 1) are **DISMISSED** without prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 9, 2026

Kenneth D. Bell
United States District Judge